The opinion of the court was delivered by
DeBlanc, J.
M!rs. New died on the 1st of July 1874 ; her father— *553 John T. Nolan — was, then, her only surviving ascendant and forced heir. By her last will, she instituted her husband as her universal legatee, and to his love and protection recommended her father and sisters.
On the 15th of January 1877, John H. New filed, in the Second District Court, a petition in which he prayed :
1. That said will — which had already been probated — be executed,- and he recognized as the universal legatee of his wife, and owner of all her estate, real and personal; and
2. To be — as such — put in possession of said estate.
At the foot of that petition, plaintiff wrote: “I — John T. Nolan— of Dallas, Texas, father of the late Josephine G. New, and only ascendant,.hereby join in the prayer of the above petition.”
His signature to that document is properly authenticated.
John H. New died on the 17th of January 1879, and Nolan — as forced heir of his deceased daughter — claims from the succession of his son-in-law, and as the legitimate portion of which his daughter could not dispose to his prejudice, the sum of ten thousand dollars.
To sustain his demand, and in answer to the several defences urged against it, plaintiffs counsel contend :
1. That he could not have prevented the legatee from being sent in possession, and that no one is presumed to give.
2. That, as an heir, he could have renounced to the rights which he is now seeking to enforce, but by public act, in presence of two witnesses.
C. C. 1017 (1010).
We do not presume that plaintiff gaye what he now claims, but it is manifest that he did ratify the donation from his daughter to New. That donation was not null, but only reducible to the disposable portion, and — to reduce it — he, as a forced heir, had an action derived from the law; and when he joined New, in the latter’s application to be recognized as the universal legatee of his wife and as owner of her estate— real and personal — he undoubtedly renounced to the action which — at that very time — he could have exercised to reduce the legacy from the wife to the husband.
The last will of Mrs. New was probated on the 17th of October 1874, and — on the 16th of January 1877 — by a decree of the Second District Court, partly based on the express consent of the father and forced heir, the husband was — as universal legatee — put in possession of the entire estate.
The decree oi the 16th of January is not assailed — nor is it alleged that plaintiffs consent to the rendition of that decree, was obtained by any deception on the part of New, or given through error. The uni *554 versal legatee sent to Texas the petition at the foot of which we have found the document already noticed, and which — we are bound to presume — plaintiff willingly signed, after he had read the petition itself, which contains a copy o£ the last will of his daughter, the mention that it was probated on the 17th of October 1874, and the prayer that he— John H. New — as universal legatee of his wife — be decreed to be the owner, and — as such — put in possession of the whole of her estate.
Plaintiff acted deliberately, with full knowledgé of the. nature and extent of his rights, fully informed as to the rights which were and could be acquired by the legatee of his daughter and under her will, and his act is not susceptible of adverse constructions. If it were, his unbroken silence since 1874 — when his action accrued — until 1879, when it was instituted — would contribute to convince us that — as he did in plain and positive terms — his intention was to ratify a donation which was merely reducible,-and the reduction of which he alone could— legally — have asked and obtained.
C. C. 1593 (1490) — 1504 (1491).
The Code provides that “ the confirmation, ratification, or voluntary execution of a donation by the heirs or assigns of the donor, after 'his decease, involves their renutfciation to oppose either defects of form, or any other exceptions; and that, when there are heirs to whom a portion of the property is reserved by law, they are seized of right — by the death of the testator — of all the effects of the succession, and the universal legatee is bound to demand of them the delivery of the effects included in the testament.”
C. C. 2274, (2254) — 1607, (1600).
Instead of joining New in his demand for the delivery of the property — real and personal — belonging to the succession of his wife — could not plaintiff have opposed, to that demand, the plea that he was a forced heir of his daughter, and — as such — authorized to retaiD, as his own, the excess of the disposable quantum ? He certainly could — but did the very reverse: he ratified the donation — and as, according to the jurisprudence of our State, it is only the dispositions reprobated by law which — in regard to wills — can neither be confirmed nor ratified, plaintiff has — by his express consent to the delivery of the entire estate of the testatrix, and by aiding in the unrestricted execution of her testament, lost, or rather abandoned his action to compel the reduction of a donation, which embraced both the legitime and the disposable quantum. 15 A. 154.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.